What will we start with? United States v. Koch, 19-8034. Are you ready? Good morning. May it please the Court. I'm Dean Sandiford from the Federal Defender's Office, and I'm here for Daniel Koch. Under Martinez-Torres, a district court can forbid a supervisee from possessing legal, sexually explicit material only if it first makes an individualized assessment that explains why the restriction is appropriate, is supported by the statutory factors in this particular case. Here, though, the only justification that the district court gave for a similar but even broader condition was to cite the offense of conviction. Under Martinez-Torres, that was error, and the error is plain. The third and fourth elements of plain error review are also satisfied because the record contains no indication that barring Mr. Koch's access to any and all sexually stimulating material is reasonably necessary to serve the purposes of sentencing. The finding here is virtually identical to the finding that the Court found lacking in Martinez-Torres. It's a citation to the defendant's conviction of a sex offense. The only difference, and it's not one that matters, is that here the offense in Martinez-Torres wasn't the offense of conviction. It was a substantially contemporaneous conviction in another court for a sex offense. That doesn't make any difference because either way, it's part of the defendant's history and characteristics and is a valid consideration. Plus, Martinez-Torres' sex conviction was a very serious one. It was sexual assault on a minor under the age of 14, aggravated sexual assault. So it wasn't as if this was some small piece of his history. Another potential distinction, although again, not one that matters. Excuse me. Mr. Sandefur, you said that in sentencing the reference, the basis given only was the crime of conviction. You also referred to the criminal history, correct? So there was a previous conviction and a proceeding against him in Wyoming, right? That's right. And the judge does reference those at the sentencing hearing, but not in connection with the imposition of this condition. The judge discussed that in talking about the prison sentence that he was going to impose. When the judge turned to the conditions, the only thing the judge said to justify all the sex offender-related conditions was to cite the offense of conviction. In any event, even if this could be read as somehow implicitly informing the judge's decision on the condition, it's not an adequate justification because it doesn't tie to the statutory factors in the case. Why, because of his criminal history, is it reasonably necessary for the purposes of sentencing to restrict his access to all sexually stimulating material? This isn't even just a pornography restriction. It sweeps much more broadly than that in a pretty vague and unexplained way. We discussed Borrella in our briefs, too, and I think both parties have kind of proceeded on the assumption that Borrella was a substantive challenge to a condition. And I think that's correct. The part of the decision that we discussed is, in fact, a substantive challenge, not a procedural one. But in the section just before, Borrella does address a procedural challenge like this one. It's not a challenge specifically to the sexually explicit material condition, but to the sex offender conditions generally. But presumably, that includes the sexually explicit material condition, too. That doesn't affect the outcome in this case because Borrella was decided on the third—that part of Borrella, anyway, the procedural part was decided on the third prong. And there's two important factual distinctions. One was Borrella's psychosexual evaluation indicated that he was a voracious consumer of pornography, apparently not limited to child pornography, plus the condition there was much narrower. It was like the one in Martinez-Torres. It was limited to pornography, basically, whereas this one sweeps much more broadly. Another important point is a legal one, and that's that Borrella appears to have applied an incorrect standard for the substantial rights. Substantial rights are unsatisfied unless there's no basis in the record. That's not the law in this circuit. There only has to be a reasonable probability of prejudice, which just means the court can't be confident that the error is harmless. No basis is really synonymous with insufficient evidence, and this Court's repeatedly said that that's not the standard for prejudice. For prejudice, even under plain error review, it's a much more forgiving standard to the party claiming error. Mr. Sandefur? Yes. Could I go back to Martinez-Torres for just a minute? There is a key passage in that case I'd like you to comment upon, and it goes as follows. I think you're probably familiar with it. Where the condition of release implicates constitutional interests, such as the right to possess sexually explicit materials involving adults, more detail may be required if the reasons for the restriction are not matters of common knowledge. What are we supposed to make of that passage? Why isn't it a concern that Mr. Koch's possession of sexual material after a conviction for child pornography and a prior offense for child molestation is enough to meet this standard? Well, we don't think it's enough to meet this standard, but even if it is enough to meet this standard, that isn't sufficient for an affirmance here because the problem here is the judge didn't follow the proper procedures. The only way you can affirm despite that error would be if it's pretty clear on this record that any judge or that this judge, had he followed the proper procedures, would have imposed this same condition. Are you speaking to prong three right now or the common knowledge reference in this passage? Why wouldn't it be common knowledge, based on what we know about Mr. Koch, to support this restriction? Well, for a couple of reasons, and I think one is from Martina's stories itself, that the link between pornography possession or at least adult pornography possession and these kinds of offenses is not at all clear. It's not a matter of common knowledge. And second, I think the fact that this condition sweeps so much more broadly. This is not just a pornography condition. It covers any sexually stimulating material. What that means is not clear, but it would seem to cover pretty much any show on HBO, for example. It's not a pornography restriction, and so even if a pornography restriction potentially could be acceptable on this record and a judge could make the findings that is supported by the statutory factors, this condition is not that. It's much broader than that. Let me ask you a question about your understanding of the third prong, plain error. Sure. I'm sorry. Did you want to continue with that line, Judge Matheson? No, go ahead. I thought the defendant, the party claiming plain error, has the burden. Absolutely. And you pose that as placing the burden on the government to show it was unlikely that there would be an opposite result. Isn't the burden on your client to show, given this record, it's unlikely that the judge could have made a finding supporting that, supporting the condition. The burden is certainly on us, and I didn't mean to suggest otherwise. I think unlikely is probably a bit strong. Unlikely suggests maybe more than a preponderance of the evidence, and it's clear under the case law that reasonable probability is less than a preponderance. It's a reasonable probability that the judge wouldn't have made the findings, and this court and the Supreme Court has equated that to if you can't be confident, if the court can't be confident, the judge would have reached the same result. And that's kind of what was said in the, what was it, or not Martinez-Torres, the other case? Barella, yeah. Isn't that essentially what the court said on the procedural issue there, that it may have been misstated? But essentially, look, given what we have here, we don't think that the defendant has satisfied his burden of showing prejudice on the third problem. Yeah, I think that's essentially what the court said. I think to the extent that the no basis language informed the court's decision, that that's putting too much of a burden on the defendant. But even if you read that as not meaning quite what it says, and that they were applying the reasonable probability test, there's differences, important differences between the two cases. One of them is the breadth of the condition. Barella really was just a pornography restriction, and his psychosexual evaluation showed that he had a voraciously consumed pornography. Apparently, it wasn't limited to child pornography. Maybe there were some concerns about that. Does it matter that we don't have any cases making that distinction? No. It's kind of holistic. You're kind of saying, okay, the judge could have made those, would have likely made those findings, and those findings may be on plenary review. We would say were inadequate. But there's nothing to indicate that there's no precedent to show it was plainly wrong to impose that condition given the circumstances here. Well, I think Barella was resolved solely on the third prong, so there's not any plainness issues with respect to that. No, but we're not Barella. This is a different case. So the way you're distinguishing Barella is on a basis that may be totally persuasive on plenary review, but when we're talking about plain error. Right, but the plainness prong and the substantial rights prongs are distinct, and Barella was resolved solely on substantial rights. So the distinctions that I'm drawing there aren't relevant to the plainness part. Martinez-Torres is the case that resolves the plainness part. The finding was identical, and it was inadequate. Martinez-Torres sets that law, and in terms of the adequacy of the finding, that's it. There needs to be an individualized assessment that explains why this. So what you're saying is the way this is distinguishable from Barella requires reversal, even though the way in which it's distinguishable from Barella has no support in any opinion of this court. Yes, and that's because it's on the third prong. We don't need plainness on the third prong. We only need it on the second prong. So these distinctions are valid distinctions even on plenary review because what we're talking about is prejudice. It seems like both should factor in in plenary, but you may be right. I don't think it does, but I don't think it does. I think when you're talking about prejudice, it's a case-by-case thing. Any distinction can make a difference there. We don't need obvious distinctions except for plainness, and then we need a case obviously on point. Mr. Sandifer, does it make a difference on plainness, prong to plainness, that the special condition here is not phrased in the same way as it was in Martinez-Torres? And there's some split in the out-of-circuit cases on a similar condition. Why is this plain? If we have error, why is it plain? Because the condition here deviates from Martinez-Torres only to the extent that it's even broader and a greater intrusion. So it's kind of an a fortiori sort of thing. If a pornography restriction can't be justified by this type of finding, clearly one that covers pornography and other stuff can't be. So that's why Martinez-Torres still establishes plainness here. If I could, I'd like to reserve the remainder of my time. Thank you. I'm sorry. Did you have any questions? No. Good morning. May it please the court? Yes. Counsel? Your Honors, my name is T.J. Forwood. I'm an assistant United States attorney from the District of Wyoming, and I'm arguing on behalf of the appellee today. The district court ordered the defendant not possess any sexually stimulating material as part of his supervised release conditions. Counsel, do you understand what that means? What does it mean? Is there any definition anywhere? For sexually stimulating materials? Yes. Your Honor, that is a rather interesting question that I think could resolve a whole other issue. It could be a much larger appeal. Yet that is not the appeal that was brought forth. It was not the substance of the condition itself. Talking to Mr. Kubitschek in our office beforehand, we're not talking about Henry Miller, Tropico Cancer books. That was not the objection to the condition itself, but whether or not there is plainness in the ordering of the condition. So as for that condition itself, Your Honor, I think that is a broad question that might be ripe for review at some point in time in front of this circuit, but that is not what is brought before the court here today. I'm just having a hard time understanding how we assess this plain error challenge if you can't even define what the condition means. I understand, Your Honor. And the response to that, I believe, would be if we look to the transcript itself in which the court discusses as clearly as it can in there, what it does view as that sexually stimulating material. Give us page and line. Thank you, Your Honor. This is from page 16 of the transcript. I believe it's page 52 of the record, but from the transcript itself, page 16. Mr. Koch shall not possess. What line are you on? Oh, I apologize. Line 16. Mr. Koch shall not possess, send, or receive any pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic, or electronic signs, signals, or sounds from any source unless part of a treatment regimen. And that, Your Honor, is the best we have to go off of. That would include music. It very well could include music. It could include things that you watched on CBS last night. I don't necessarily disagree, Your Honor, that it involves a large amount of possible conduct. This isn't the only case in which that condition has been imposed, is it? It is not, Your Honor. And has it all been recent? Because you'd think that would be litigated. And this might be my fault, Your Honor. I apologize. I did not go into that issue a lot, but the little bit that I did, it is one I just don't think that has been litigated very much. My assumption is that it is because it becomes an issue when someone is actually on a supervised release. Individuals will be revoked when they are downloading something from the Internet that is pornography. If they have a Playboy magazine, something along those lines. But I don't know of any situation in which somebody was revoked for watching NCIS and there was a scantily clad woman within that TV show. Even though that might be seen as sexually stimulating, that is not an issue that has actually come up. Therefore, no one has actually been harmed. Therefore, that might be the reason it has not come before this court yet. Can you be clear to the defendant at sentencing rather than prior to a revocation proceeding of what these conditions mean? Your Honor, the condition here, again, though it is broad, stating that any pornographic, sexually stimulating, visual, auditory, music material, I think it still gives them notice about what it is. It is that sexually stimulating things themselves they should not be looking at. They should know from this that they should not watch HBO. Depending on the show, some people might say it is better to err on the side of caution. But I think it is also important to look at, I believe it was in Martinez-Torres, or it might have been Burns. It made the reference in the very beginning to the Bear case in which statutes or conditions should be read to be construed constitutionally. I believe that is an important thing as well here too, Your Honor, is that though this is broad, it should be read constitutionally to allow for constitutional reading of it. Yes, half of the things on HBO might be sexually explicit, but do not watch those materials. Do not subscribe to HBO. If there is a condition, talk about it with your probation officer. Counsel? Yes. Can I just interject? We said in Martinez-Torres that the condition there implicates constitutional interest. Would you agree that this condition, especially given its breadth and obviously now its uncertainty, also implicates constitutional interest? So the interesting part with this, I believe, Your Honor, is the First Amendment right clearly is a constitutional interest. An individual has a right to see pornography under their First Amendment speech. However, saying that you have a constitutional right to pornography is not said. There is no case law saying that. There is no case law. I have searched Westlaw extensively. The Supreme Court has drawn the line at obscenity. Yes. So to the extent pornography is an obscenity, then it's constitutionally protected. Correct. What more does the Supreme Court have to say that pornography in general is constitutionally protected than is said by just limiting the only limitation being recognized as for obscenity? That is the clear distinction, Your Honor. And I actually reviewed my old law school textbooks and notes as well looking at this because it's not an issue we come up with a lot. And I looked at the theater case. And the conclusion there is that free speech is such a broad area. It's a large, large area. And pornography is probably just a leaf on part of the tree. It's still part of that tree. It touches upon that constitutional interest. However, the area you get into that is interesting with First Amendment speech rights is what they classify as the low-value category of speech, the commercial speech, which is what pornography is listed as. And I think that is the reason why you see that distinction amongst these cases. In Malone, that was a familial association. Counsel, counsel, counsel, I've got to interject again. I'm not sure you answered my question. Does the condition here implicate constitutional interests? I believe it does touch upon it. I'm sorry to say that, but I think it touches upon those interests. I don't see how you could say talking about pornography does not touch upon a First Amendment issue and is a fundamental interest. All right. So now I want to bring this back to Martinez-Torres and plain error. I know what you want to talk about in terms of what this case is about. But in Martinez-Torres, once the court identified that the condition implicated constitutional interests and looked at the proceedings in district court for imposition of the special condition, the court ultimately remanded to give the district court a chance to explain its justifications. Now, why wouldn't that apply here when the special condition is broader than the one in Martinez-Torres? A couple of reasons. And thank you. This is the part I do really want to get to is Martinez-Torres. I think it is incredibly first to note in that that that case was decided on abuse of discretion and not plain error. So, counsel, just just to move the ball along. Are you willing to concede step one of plain error in this case? I am not, Your Honor. And the reason being is because there step one requires that there is error, that there be generalized findings supported by generalized findings that were well reasoned. And the court provided the generalized findings that staying due to the nature of the conviction. Prior to that, the court goes into there's three pages in which they talk about the defendant's history, everything going into that. And then it states because of these factors and due to the nature of the conviction, special conditions are appropriate. All that to get that general that summation right there where it states due to the nature of this, that is the generalized that is generalized reasons. Prior to that is justifications before that. Counsel, just for clarification, if the condition implicates constitutional interests, why? Why would generalized findings be enough? Doesn't doesn't Martinez-Torres stand for the proposition that more detail may be necessary? And I think it's that word in there that it may be necessary, Your Honor. Why wouldn't it must be necessary in a situation like this one when the condition is so broad? And that's and I think that's one of the difficult parts, Your Honor, where it's the condition itself. The broadness of the condition I think is important, but still ancillary to it, because the question under plain air for this becomes where there are reasons provided for it. And more detailed findings might may be required, but the court did give detailed findings. That generalized reason it stated there is the same as it is required in all cases. Abuse of discretion or plain air. There needs to be generalized findings. The court made that. Was that sufficient? Procedural, substantive. The United States believe that is intertwined. Regardless, Your Honor, is when we look at that together, the court did provide that justification for it because it gave that generalized reason. It gave reasons beforehand. And then going into that second step, the plainness of it, as seen in Barella and any of the other cases, no other case that has talked about these sexually explicit conditions has ever required compelling circumstances. This higher standard has never been required for these type of conditions. Those higher standards have only applied for things such as familial relations or forced medications. And I think that is one of the most important things to come here is air. I had to think about whether or not I was going to concede air, and the United States does not believe that we should concede air because we do believe that basic finding was made. But importantly is that it was not plain because looking at every single decision that has happened, it is ruled that it is not plain air as long as some justification was given. And it was given. And that is distinguished in Barella from Martinez-Torres. The defense relies so heavily upon Martinez-Torres, which applies a different standard and different circumstances. When we look at Barella, which is much more on point with those similar issues, as well as Mike. Mike, we cannot forget about Mike either, which is also the plain air standard in which there were sufficient reasons given. It is not clear and obvious. And as the court pointed out a second ago, the situation in which a higher standard may be required, it was not mandated. It was not stated that your access to pornography is a fundamental right. Therefore, you need to make particularized findings specifically to this condition that say this specific thing. That is not clear and obvious. If anything, it's still open. Isn't it clear and obvious that the conditions weren't sufficient to justify keeping the defendant from listening to Ravel's Ballero? I'm more of an 80s music fan, Your Honor, so I'm not sure if I'll understand. And you said HBO in general or CSI. Sometimes you don't need a clear precedent because it's just so out there. We've decided that in 1983 cases a couple times. This is really very broad. When you say to construe it constitutionally, you should try to construe it constitutionally. You didn't give us much of a handle on how we could possibly do that here. I understand. And I believe, Your Honor, and I think the main justification for that or the fault of the United States on that is that was not the issue presented to the court. No, no, but the explanation has to do with what the condition is. You can't say this is a sufficient explanation because it would keep him from reading pornography even when it's not obscene. But you might need a lot more if it says you're not allowed to read any books or watch TV. I don't know that we need to have a precedent to make that clear and plain that the explanation given by the judge wasn't sufficient for those requirements. Your Honor, am I allowed to answer any of these? You're allowed to answer. I've never been to this point before. Your Honor, it is a situation in which I do believe that this is a condition, and possibly, as the court is saying, right or wrong, that has been ordered for a very long period of time. And there have been no objections to the substance of those conditions. So they have been construed constitutional, that it has not become an issue because it's not been construed that far. So I think that is the sole justification why. Do you have any questions? Judge Matheson, any further questions? Nothing further. Okay, thank you. Thank you. Thank you. I think your time expired or not. Okay. Okay. Thank you. Case is submitted. Counsel aren't appearing again, so you're excused.